DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Glen A. Unrue, Jr. has appealed from two judgments in the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses.
 I {¶ 2} On February 7, 2005, Plaintiff-Appellee Crystal Unrue ("Wife") filed a complaint for divorce from Defendant-Appellant Glen A. Unrue, Jr. ("Husband"). Wife served Husband with notice of this proceeding, but Husband did not file any responsive pleading. Wife then prepared a judgment entry for the court pursuant to Local Rule 19.01 of the Summit County Court of Common Pleas Domestic Relations Division. Due to a lack of service, however, Husband did not receive a copy of this prepared judgment entry and consequently had no opportunity to respond.
 {¶ 3} On May 19, 2005, the trial court conducted an uncontested hearing. Husband, absent from the proceeding, did not object at that time, nor during the time allotted after the fact. One day later, the trial court formally adopted Wife's judgment entry and granted her a divorce. As specified in the judgment entry, the court granted custody of the parties' two children to Wife and ordered Husband to pay child support in the amount of $246.72 per month plus processing fees. Both the magistrate and trial judge signed the judgment entry.
 {¶ 4} Husband responded to the lower court's ruling by filing both a notice of appeal and a Civ.R. 60(B) motion to vacate the judgment entry. On July 19, 2005, this Court granted Appellant's motion to stay the instant appeal and to remand to the trial court for determination of Husband's Civ.R. 60(B) motion. On August 22, 2005, the trial court denied that motion. On September 7, 2005 and pursuant to the resolution of the Civ.R. 60(B) motion, this Court reinstated Husband's instant appeal.
 {¶ 5} Husband has timely appealed the entry of judgment against him and the trial court's denial of his Civ.R. 60(B) motion, asserting four assignments of error. For ease of analysis, we have consolidated and first address Husband's first, second, and third assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED AND PREJUDICED APPELLANT BY ADOPTING APPELLEE'S PROPOSED JUDGMENT ENTRY[.]"
 Assignment of Error Number Two
"APPELLANT WAS PREJUDICED WHEN THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ENFORCING AN IMPRACTICABLE AND INAPPROPRIATE CHILD SUPPORT ORDER[.]"
 Assignment of Error Number Three?
"APPELLANT WAS PREJUDICED WHEN THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING ARBITRARY PARENTING TIME IN CONTRAVENTION TO LOCAL RULE 23[.]"
 {¶ 6} In his first, second, and third assignments of error, Husband has challenged both the procedural steps taken in the court below and the substantive rulings of the lower court affecting Husband's parental control. For the reasons set forth below, we agree that certain procedural deficiencies in this matter require this case to be reversed and remanded for rehearing.
 {¶ 7} Local Rule 19.01 of the Summit County Domestic Relations Court allows that court to accept a prepared judgment entry from one of the parties. That party must submit theprepared entry to the opposing party within fourteen days. Local Rule 19.01. The opposing party then has seven days to respond to the entry and to file any objections to the entry with the court. Id. at 19.01(A). If those seven days pass without response, the court may adopt the proposed entry. Id. at 19.01(A)-(B).
 {¶ 8} In this case, Wife submitted a prepared judgment entry, which the lower court adopted on May 20, 2005. There is no indication in the record before this Court, however, that Husband ever received the entry prior to its adoption. Local Rule 19.01 specifically requires that a party provide the opposing party with a copy of the prepared judgment entry. In contravention of that Rule, Wife apparently made no attempt to ensure that Husband had an opportunity to respond to, or in fact was even aware of, the prepared entry before its adoption. Since the record is devoid of any indication that Husband received the entry, this Court cannot fault Husband for failing to object to the entry during the allowable period.
 {¶ 9} In summary, procedural deficiencies prevent this Court from affirming the lower court decision. We cannot uphold the lower court's adoption of Wife's prepared judgment entry because the record before us does not demonstrate that Wife served Husband with the entry. Based on the foregoing, Husband's first, second, and third assignments of error are well taken.
 II Assignment of Error Number Four
"APPELLANT WAS PREJUDICED WHEN THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S CIV.R. 60(B) MOTION."
 {¶ 10} In his fourth assignment of error, Husband has argued that the trial court erred in denying his Civ.R. 60(B) motion to vacate judgment entry. Specifically, Husband has argued that the trial court abused its discretion in finding that his motion was one best reserved for objection and direct appeal, rather than a Civ.R. 60(B) motion. However, this Court need not address Husband's final assignment of error because the argument is rendered moot by our disposition of Husband's other assignments of error. See App.R. 12(A)(1)(c).
 III {¶ 11} Husband's first, second, and third assignments of error are sustained. Husband's fourth assignment of error is moot. The decision of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Slaby, P.J. Moore, J. concur.